# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> MARK COLELLO. | No. 2:19-cr-891 (WJM) <br><br> **ORDER** |

### WILLIAM J. MARTINI, U.S.D.J.:

Pending before the Court is Defendant Mark Colello's ("Defendant") letter application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 14. In light of the time sensitive nature of Defendant's application, and considering the persuasive caselaw from this District addressing similar circumstances, the Court did not Order the Government to respond.

**WHEREAS**, Defendant's application comes exactly one week before he is expected to voluntarily surrender to the Bureau of Prisons ("BOP") at Federal Correctional Institution, Morgantown ("FCI Morgantown") in Morgantown, West Virgina, on June 30, 2021, to begin serving a four-month prison term on two counts of knowingly making false statements in writings he submitted to the United States Army, in violation of 18 U.S.C. § 1001(a)(3); and

**WHEREAS**, Defendant pleaded guilty pursuant to a plea agreement with the Government on December 10, 2019. ECF No. 3. On September 10, 2020, this Court sentenced him to a four-month term of imprisonment, well below the recommended federal sentencing guidelines range of twelve to eighteen months, and two years of supervised release. ECF No. 11; and

**WHEREAS**, since his sentencing, the Court has granted three separate applications by Defendant to postpone his surrender date: from October 15, 2020, to January 4, 2021, so he could spend the holiday season with his family; from January 4, 2021, to March 31, 2021, due to Covid-19 concerns in the prisons; and from March 31, 2021, to June 30, 2021, to allow Defendant and others in the BOP system additional time to be vaccinated against the virus. *See* ECF Nos. 12, 13;[1] and

**WHEREAS**, Defendant now invokes the federal compassionate release statute, 18

---

[1] Only the second and third applications for an extension of the surrender date were electronically filed to the docket.

U.S.C. § 3582(c)(1)(A), to request that the Court convert his four-month custodial sentence to a period of home confinement. ECF No. 14 at 1. Defendant states that at fifty-six years old, he has a history of health issues, including skin cancer, and recently sought treatment for what his medical records describe as a "cutaneous abcess." *Id.* at 3. His treatment is ongoing. *Id.* Defendant further states that he has been vaccinated against Covid-19, but remains concerned about the dangers posed by new variants. *Id.* at 2. Defendant maintains that home confinement will allow him to continue his current medical treatment, as well as work to support his family. *Id.* at 3. He notes that he has no prior criminal history and does not pose a danger to the community. *Id.*; and

**WHEREAS**, the Court finds that Defendant is not eligible for the relief he seeks under 18 U.S.C. § 3582(c)(1)(A). First, other judges within this District agree that the compassionate release statutory scheme applies only to those defendants who have begun serving their custodial sentence with the BOP. *See United States v. Picardo*, No. 19-401 (SRC), 2020 WL 6501730, at *2 (D.N.J. Nov. 5, 2020); *see also, United States v. Verasawmi*, No. 17-254 (FLW), 2021 WL 2549303, at *6-7 (D.N.J. June 22, 2021) (following *Picardo*'s ruling that relief under 18 U.S.C. § 3582(c) is unavailable to defendants who have not begun to serve their sentences); *United States v. Moe*, No. 17-277 (KSH), --- F. Supp. 3d ----, 2021 WL 2349856, at *4 (D.N.J. June 6, 2021) (same); *United States v. Desu*, No. 18-613 (MAS), 2021 WL 2012235, at *3 (D.N.J. Apr. 30, 2021) (same); *United States v. Ahmad*, No. 19-493 (MCA), 2021 WL 1300288, at *1 (D.N.J. Apr. 7, 2021) (same); and

**WHEREAS**, here, Defendant has not served a single day of his custodial sentence and has yet to surrender to the BOP. The relief he seeks under 18 U.S.C. § 3582(c) is therefore unavailable to him at this juncture; and

**WHEREAS**, second, 18 U.S.C. § 3582(c) confers limited authority on the Court to *reduce* a term of imprisonment once a sentence has been imposed, but the statute does not confer the authority to *resentence*. *See Picardo*, 2020 WL 6501730, at *2 (citing statute and *Dillon v. United States*, 560 U.S. 817, 825-26 (2010)); *Verasawmi*, 2021 WL 2549303, at *7; and

**WHEREAS**, Defendant's request that the Court convert his entire custodial sentence to a term of home confinement is not a request for a reduction of his sentence, but for a new sentence altogether, "and thus exceeds the limited relief available under Section 3582(c)(1)(A)." *Picardo*, 2020 WL 6501730, at *2 (finding the defendant's request "that the Court modify his sentence so that he may serve his entire sentence on probation with a home confinement condition" was "not a reduction in the term of imprisonment" but "a request for a new sentence[.]"); and

**WHEREAS**, for these reasons, without a basis to convert Defendant's custodial sentence to a term of home confinement before Defendant surrenders to the BOP, the Court

must deny Defendant's application. Remaining cognizant of Defendant's health concerns, the state of BOP facilities throughout the Covid-19 pandemic, and the imperative need for wide-spread vaccination against the virus for inmates and BOP staff, the Court has already postponed Defendant's surrender date on three prior occasions.[2] "It remains that [Defendant] has been convicted of a criminal offense and must, eventually, serve the sentence imposed by the Court." *Picardo*, 2020 WL 6501730, at *3. The time has come for Defendant to do so;

**IT IS** on this 28th day of June, 2021,

**ORDERED** that Defendant's application to convert his custodial sentence to a period of home confinement under 18 U.S.C. § 3582(c)(1)(A), ECF No. 14, is hereby **DENIED** without prejudice; and it is further

**ORDERED** that consistent with the Court's March 18, 2021 Order, ECF No. 13, Defendant shall surrender on June 30, 2021.

WILLIAM J. MARTINI, U.S.D.J.

---

[2] Defendant does not, as an alternative form of relief, ask the Court to postpone his June 30, 2021 surrender date.